UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

July 20, 2020

LETTER TO COUNSEL

    RE:    *Brenda H. v. Saul*
             Civil No. DLB-19-2760

Dear Counsel:

On September 18, 2019, Plaintiff Brenda H. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 14 ("Pl.'s Mot."), 16 ("Def.'s Mot."). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff protectively filed her claims for benefits on September 9, 2015 and March 28, 2017, alleging a disability onset date of July 24, 2015. Administrative Transcript ("Tr.") 215, 217. Her claims were denied initially and on reconsideration. Tr. 136-40, 142-45. A hearing was held on July 24, 2018, before an Administrative Law Judge ("ALJ"). Tr. 34-80. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 17-27. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease, degenerative joint disease (bilateral knees), affective disorder, [and] anxiety disorder." Tr. 19. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant could never climb ladders, ropes, or scaffolds. She could occasionally balance, stoop, kneel, crouch or crawl. She could have occasional exposure to fumes, odors, gases, poor ventilation and pulmonary irritants. She could never be exposed to moving mechanical parts and unprotected heights. She could frequently

*Brenda H. v. Saul*
Civil No. 19-2760-DLB
July 20, 2020
Page 2

>respond appropriately to changes in a routine work setting. She could have frequent interaction with supervisors, coworkers and the public. She is limited to simple, routine, repetitive tasks, not at a production rate.

Tr. 21. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as a market cashier. Tr. 26. Therefore, the ALJ concluded that Plaintiff was not disabled. *Id.*

Plaintiff raises one argument on appeal: that "[t]he ALJ erred by failing to build an 'accurate and logical bridge' between the medical evidence and her conclusion that Plaintiff can perform light exertion work, specifically that she can stand and walk for 6 hours of an 8-hour workday." Pl.'s Mot. 3 (quoting *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)). I agree. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

An ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d at 636 (quoting Social Security Ruling ("SSR") 96–8p) (internal quotation marks omitted). "In other words, the ALJ must both identify evidence that supports [her] conclusion and 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods*, 888 F.3d at 694 (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).

Here, the ALJ did not build an "accurate and logical bridge" with respect to her analysis of Plaintiff's ability to stand and walk and her finding that Plaintiff could perform light work.[1] The ALJ found Plaintiff's "degenerative disc disease" and "degenerative joint disease (bilateral knees)" to be severe, Tr. 19, and noted that Plaintiff alleged disability due to knee and back pain, Tr. 22. The ALJ discussed Plaintiff's treatment records for knee and back pain. *See* Tr. 23 ("Johns Hopkins records show that in 2014, the claimant's legs were swelling after working all day," and "[s]he was advised to wear compression stockings and elevate her legs"); *id.* ("The claimant has a long history of bilateral knee problems," including "swelling, abnormal alignment and abnormal meniscus, positive medial McMurray's," "falling," and "low-grade effusion with pain on ranges from 0 to 120 degrees."); *id.* (noting diagnoses of "lumbar degenerative disc disease, lumbar facet joint arthropathy, cervical disk disease and right knee osteoarthritis"); *id.* ("On examination, she had discomfort with passive and active range of motion"); Tr. 24 ("Dr. Amalfitano reported in February 2016 that the claimant had significant degenerative joint disease in both knees" with "tricompartmental tenderness in both knees," and "[a] total knee arthroplasty was recommended pending medical clearance."); Tr. 25 ("Dr. Amalfitano reported in November 2017 that the claimant was near bone on bone in her right lateral knee joint with tricompartmental changes. She walked with a slightly waddling gait without any ambulatory aids."); *id.* (noting injections in the

---

[1] "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *6.

Civil No. 19-2760-DLB
July 20, 2020
Page 3

knee, and MRI that "show[ed] knee arthrosis with areas of high-grade chondral thinning [and] meniscal degeneration").

The ALJ later summarized, in explaining her RFC limitation to light work, that Plaintiff "suffer[ed] from knee conditions, which limit[ed] her ability to bend and stand," but that "the [she] [was] able to walk unassisted, sit and stand." Tr. 25. The ALJ explained that "[Plaintiff] testified that she could only stand for five minutes but no records support such a limitation" and "[n]o treating physician has indicated the claimant is so limited." *Id*. For support, the ALJ noted that Plaintiff "was able to walk a half mile to the consultative examination without issue and arrive early." *Id*.

Plaintiff does not argue that she is unable to ambulate. Rather, she persuasively argues that "there is a vast disparity between five minutes of standing and the ability to stand for 6 hours out of 8." Pl.'s Mot. 11. Even if Plaintiff's testimony that she could only stand for five minutes was an exaggeration, the ALJ found, and the record supports, that Plaintiff's impairments affected her ability to stand and walk. Furthermore, Plaintiff argues that the ALJ's citation to Plaintiff's half-mile walk to the consultative examination does not provide adequate support for a finding that she can perform light work on an ongoing basis. *Id*. at 12. As she points out, "the psychological examiner neither observed that she did so 'without issue' nor performed a physical examination or assessed Plaintiff's gait on that day (which is not unexpected given that it was a psychological examination and not a physical examination)," and "[s]he likely sat during the 60 minute evaluation before leaving." *Id*. at 12-13.

The Commissioner argues that remand is not warranted because "Plaintiff failed to prove that she could not perform the kind of work she performed in the past," and "[i]f an individual can return to her past relevant work, either as it was actually performed or as it is generally performed, then she is not 'disabled.'" Def.'s Mot. 4 (citing 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv)). For support, the Commissioner cites to the ALJ's decision regarding Plaintiff's ability to walk unassisted and to the opinion of State agency consultant, Dr. Rudin. *Id*. at 5-6. As previously discussed, Plaintiff's ability to walk unassisted is not the issue. The issue is whether the ALJ explained how Plaintiff could perform light work, which requires standing or walking for 6 hours during an 8-hour workday, given the ALJ's findings regarding her limitations in standing and walking. The Commissioner is correct that State agency consultant, Dr. Rudin, opined that Plaintiff could perform light work. *See* Tr. 107. But the entirety of the ALJ's discussion of Dr. Rudin's opinion is as follows: "I give partial weight to the State agency at Exhibits 3A and 4A because the RFC is consistent with the above RFC." Tr. 26. This sentence does not make sense and does not offer any insight into the ALJ's RFC analysis.

The Commissioner also cites to several records to support his contention that "Plaintiff's physicians found no swelling (or edema) during the relevant period." *Id*. at 7 (citing Tr. 370, 1038, 1045, 1395, 1402, 1431, 1435, 1440, 1444). Those records may not show swelling, but they also do not expressly support the ALJ's finding that Plaintiff could perform light work. *See, e.g.* Tr. 369-70 (cardiology visit, noting "[s]he continues to have intermittent lower extremity edema"); Tr. 1038 ("Chief concern is bilateral knee pain . . . positive for back and neck pain"); Tr. 1045

*Brenda H. v. Saul*
Civil No. 19-2760-DLB
July 20, 2020
Page 4

(noting "bilateral degenerative changes in her knees" and reviewing treatment plans, including an MRI and knee injection); Tr. 1395 (follow up appointment for sleep apnea); Tr. 1400-03 (follow up appointment for back and leg pain, noting "pain is made worse by increased activity," right knee was "tender to palpitation" and "exercises did not help with pain"); Tr. 1430-31 (noting "bilateral lower back pain" and "gait appear[ed] to be normal"); Tr. 1435 (noting lumbar spine pain and documenting a lumbar transforaminal injection); Tr. 1440 (noting "conservative treatment and active exercises [have] not improved pain"); Tr. 1443-44 (noting lumbar spine pain).

Moreover, the ALJ's failure to provide a sufficient explanation, supported by the record, for her conclusion that Plaintiff could perform light work is not harmless error. As the ALJ clarified at the hearing, based on Plaintiff's then-age category (50-54), "if she were at the light exertional level . . . she would not be disabled[,] [b]ut if she was at sedentary, she'd be disabled." Tr. 47. Additionally, after turning 55, which has occurred since the hearing, Plaintiff would "be disabled under light and sedentary." *Id*. The ALJ denied Plaintiff's claim at step four based on her conclusion that she could perform her past work as a cashier. Accordingly, remand is appropriate so that the ALJ can explain how Plaintiff is able to perform light work given the record evidence.

For these reasons, Plaintiff's Motion for Summary Judgment, ECF No. 14 is DENIED, and Defendant's Motion for Summary Judgment, ECF No. 16, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

    Sincerely yours,

    /s/

    Deborah L. Boardman
    United States Magistrate Judge